UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOJO DEOGRACIAS EJONGA,

    Plaintiff,

v.

CHERYL STRANGE, *et al.*,

    Defendants.

CASE NO. 2:21-cv-01004-RJB-JRC

ORDER RENOTING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND DIRECTING RESPONSE

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. This matter is before the Court on plaintiff's amended motion for a temporary restraining order ("TRO") and preliminary injunction. Dkt. 8.

    Plaintiff is incarcerated and proceeds *pro se*, and the Court has granted his request to proceed *in forma pauperis* and directed service of his complaint. Dkts. 6, 10. Plaintiff's complaint alleges that his constitutional rights will be violated by conditions that will result from double-bunking cells at the Washington State Reformatory. *See generally* Dkt. 7.

    Plaintiff's amended motion for a TRO and preliminary injunction contends that administrators at the Washington State Reformatory are planning to consolidate units by moving

prisoners from single-occupant to double-occupant cells.  *See* Dkt. 8, at 2.  Plaintiff seeks immediate injunctive relief on the basis that these actions will result in overcrowding conditions that violate his Eighth Amendment rights.  *See* Dkt. 8, at 7.  At the time he filed his motion, he had not yet been moved and includes no indication of when he expects to be moved.  Although his motion characterizes the planned consolidation as "tentative," he also states that other prisoners are already being moved into double occupant units and that ladders have been drilled into certain cell walls, signifying an intent to double bunk those cells.  *See* Dkt. 8, at 3, 8.

       Plaintiff also acknowledges that he has not notified defendants of his motion for a TRO and preliminary injunction.  Dkt. 8, at 5.

       Federal Rule of Civil Procedure 65(a)(1) prohibits the Court from issuing a preliminary injunction until notice has been given to the opposing party.  Regarding TROs, Rule 65(b)(1) disallows issuance of a TRO without notice to the opposing party unless—

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the [movant] certifies in writing any efforts made to give notice and the reasons why it should not be required.

       Here, plaintiff acknowledges that he has made no effort to give notice, citing his incarceration.  The Court is not persuaded that the fact of incarceration, alone, can justify entering an *ex parte* TRO.  *See, e.g.*, *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (9th Cir. 1984)) (explaining that an *ex parte* TRO "may be appropriate 'where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing.'").  Thus, the Court would not issue the TRO requested by plaintiff without first providing notice to defendants.

ORDER RENOTING MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY
INJUNCTION AND DIRECTING RESPONSE - 2

Nor does plaintiff's affidavit or complaint clearly show that immediate and irreparable injury, loss, or damage will occur before defendants can be heard in opposition. It is somewhat unclear whether the consolidation of prisoners is ongoing or tentative from plaintiff's materials. *Compare* Dkt. 8, at 3 (describing the plan to consolidate units as "tentative") *with* Dkt. 8, at 5 (claiming that many prisoners have already been moved into double occupancy cells). Plaintiff himself had not been moved at the time he filed his motion, and he cannot bring claims of overcrowding on the basis of other prisoners being transferred. *See Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1308 (9th Cir.1982) (stating that a party must assert his own rights, not those of third parties). Plaintiff does not provide a clear basis from which the Court can determine when or if he will be moved. Therefore, he has not met his burden to show that immediate injury will occur before defendants can be heard in opposition, although he has raised sufficient concerns that he will be moved to a double occupancy cell and about a resulting risk to his health to justify requiring a response to the motion for a TRO/preliminary injunction.

Accordingly, the Court will direct a response to the motion for a TRO/preliminary injunction before making a recommendation on plaintiff's motion.

Defendants shall respond to plaintiff's motion (Dkt. 8) on or before September 3, 2021. Plaintiff may file a reply to their response on or before September 10, 2021. The motion for TRO is renoted for consideration on September 10, 2021. The Clerk's Office shall send a courtesy copy of this Order to the Office of the Attorney General.

Dated this 19th day of August, 2021.

J. Richard Creatura
Chief United States Magistrate Judge