UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOJO DEOGRACIAS EJONGA,<br><br>    Plaintiff,<br><br>  v.<br><br>CHERYL STRANGE,<br><br>    Defendant. | CASE NO. 2:21-cv-01004-RJB-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED December 10, 2021 |

This matter is before the Court on referral from the District Court and on plaintiff's response to defendants' summary judgment motion, in which plaintiff requests additional time in which to conduct discovery. Dkt. 37, at 5. The Court interprets this request as one for a Federal Rule of Civil Procedure 56(d) continuance. Such a continuance is appropriate "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(d).

The Court directed service of plaintiff's complaint on August 18, 2021. Dkt. 10. Defendants have filed no answer to the complaint. Instead, on September 24, 2021, they filed the pending motion for summary judgment. Dkt. 28.

REPORT AND RECOMMENDATION - 1

1     Plaintiff requests additional time on the basis that the parties have not engaged in discovery yet. Dkt. 37, at 3. Plaintiff states that he intends to request documents to support his claims but has not yet been able to do so. Dkt. 37, at 4.

    Defendants rely on Federal Rule of Civil Procedure "56(f) [sic]" and assert that plaintiff has failed to meet any of the requirements for such a continuance. *See* Dkt. 38.

    Rule 56(d) reflects the principle that "summary judgment is proper only after the nonmovant has had adequate time for discovery." *Ray v. American Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010). As such, Rule 56(d) "should be applied with a spirit of liberality." *United States v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002); *accord Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). Moreover, "[t]ypically, when the parties have no opportunity for discovery, denying the Rule 56(f) motion and ruling on a summary judgment motion is likely to be an abuse of discretion." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008). The Ninth Circuit has specifically held that "[w]here . . . a summary judgment motion is filed . . . early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant" a continuance "fairly freely." *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773 (9th Cir. 2003).

    Summary judgment is generally premature before the entry of a scheduling order. *See, e.g.*, *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. C10-861RSM, 2011 WL 221415, at *1 (W.D. Wash. Jan. 20, 2011) ("As discovery has not yet begun in this case—indeed, no answer has been filed and no case scheduling Order has been entered—defendant has not had an opportunity to depose Dr. Langley or subject the fiber samples to independent testing."); *Ngerntongdee v. Vaughan*, No. C08-1070RSM, 2008 WL 5000244, at *2 (W.D. Wash. Nov. 21,

REPORT AND RECOMMENDATION - 2

1   2008) (granting a request for a continuance, striking a summary judgment motion, and observing
2   that "Defendant filed her summary judgment motion before responding to Plaintiff's complaint,
3   and the Court has yet to issue its initial scheduling order. . . .").

4       Summary judgment in this matter is patently premature.  Plaintiff should have the
5   opportunity to engage in discovery before the Court engages in a hasty resolution of this case on
6   an incomplete record.  The District Court should strike the summary judgment motion (Dkt. 28)
7   from the record without prejudice to it being refiled at an appropriate later date.  The District
8   Court should also require defendants to answer the complaint within 14 days of the Order on this
9   Report and Recommendation.

10      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
11  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.
12  6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*
13  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver
14  of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
15  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit
16  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 10,**
17  **2021,** as noted in the caption.

18      Dated this 24th day of November, 2021.

                                                  J. Richard Creatura
                                                  Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3