UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOJO DEOGRACIAS EJONGA,<br><br>                    Plaintiff,<br><br>          v.<br><br>CHERYL STRANGE, et al.,<br><br>                    Defendants. | CASE NO. 21-1004 RJB-JRC<br><br>ORDER ON REPORT AND RECOMMENDATION AND RE-REFERRING CASE |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge J. Richard Creatura (Dkt. 44), the Defendants' Objections (Dkt. 45) and the Plaintiff's Response to the Defendants' Objections (Dkt. 47). The Court has considered the Report and Recommendation, objections, response, and the remaining record.

On July 27, 2021, the Plaintiff, filed this case, *pro se,* while a prisoner in the Washington State Reformatory ("WSR") at the Monroe Correctional Center ("MCC") asserting that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they double celled him with another prisoner. Dkt. 7. He also makes claims for violation

of the Fourteenth Amendment.  *Id.*  As relief, the Plaintiff seeks "an emergency Temporary Restraint Order/Preliminary Injunction while the case is reviewed for Permanent Injunction."  *Id.*

The Plaintiff filed a motion for temporary restraining order and preliminary injunction on August 17, 2021.  Dkt. 8. In this motion, the Plaintiff requested that cells be returned to "[s]ingle bunk" status for fourteen days.  *Id.*  On September 17, 2021, a Report and Recommendation was filed, recommending that the Plaintiff's motion for a temporary restraining order and preliminary injunction be denied.  Dkt. 26.  In his objections, the Plaintiff complained that "it ha[d] been nothing but lynching, stereotyping and inhumane treatment," since he arrived at the facility.  Dkt. 36.  He maintained that the Defendants have not followed COVID-19 protocols to keep the inmates safe, particularly because they are "packing and stacking" them.  *Id.*  He stated that he only advocated for others because it is necessary – where the virus is spreading.  *Id.*

On September 24, 2021, the Defendants filed a motion for summary judgment (Dkt. 28), Plaintiff responded on October 28, 2021 (Dkt. 37) (and asked for a continuance under Fed. R. Civ. P. 56(d)), and the Defendants' filed their reply (Dkt. 38) on November 5, 2021.

On November 8, 2021, a pleading was filed indicating that the Plaintiff had been transferred out of the WSR to the Washington Corrections Center.  Dkt. 39.  The Plaintiff was transferred to the Stafford Creek Corrections Center ("SCCC") in Aberdeen, Washington on November 15, 2021.  Dkt. 46.

On November 15, 2021, the September 17, 2021 Report and Recommendation was adopted and the Plaintiff's motion for temporary restraining order and preliminary injunction was denied as moot because he was no longer at the WSR.  Dkt. 42.

On November 24, 2021, the instant Report and Recommendation was filed, recommending that the Court grant the Plaintiff's Rule 56(d) motion (Dkt. 37) and strike the

Defendants' motion for summary judgment (Dkt. 28) without prejudice to be refiled if appropriate.  Dkt. 44.

In their objections, the Defendants note that the Plaintiff seeks only prospective injunctive relief related to conditions at WSR, not at the SCCC where he currently is held.  Dkt. 45.  They argue that the Report and Recommendation should be not be adopted and the case dismissed because it is moot.  *Id.*  The Defendants maintain that there is no indication the Plaintiff will be returned to the WSR because it is scheduled to be "closed to general population."  *Id.*  Further, the Defendants assert that the Plaintiff failed to make an adequate showing under Rule 56(d) for a continuance.  *Id.*

In his response to the objections, the Plaintiff argues that the Report and Recommendation should be adopted.  Dkt. 47.  He states that he "did suffer inhumane treatment and the Defendants endangered his health."  *Id.*  The Plaintiff now complains that at the SCCC, his new facility, he is being forced to share a cell with a non-vaccinated individual.  *Id.*  He argues that while the "SCCC does not include the inhumane living conditions at WSR, but the risk to serious health injury is the same."  *Id.*  The Plaintiff contends that the Defendants only sought summary judgment to hide the truth.  *Id.*

## **DISCUSSION**

The Report and Recommendation (Dkt. 44) should be adopted, the Plaintiff's Rule 56(d) motion (Dkt. 37) granted, and the Defendants' motion for summary judgment (Dkt. 28) stricken, without prejudice, to be refiled if appropriate.  While the Defendants' objection that the case is moot may have merit, the Plaintiff should have an opportunity to fully brief that issue.  This case should be re-referred to U.S. Magistrate Judge J. Richard Creatura for further proceedings.

It is **ORDERED** that:

- The Report and Recommendation (Dkt. 44) **IS ADOPTED;**

- The Plaintiff's Rule 56(d) motion (Dkt. 37) **IS GRANTED**;

- The Defendants' motion for summary judgment (Dkt. 28) **IS STRICKEN WITHOUT PREJUDICE**; and

- The case **IS RE-REFERRED** to U.S. Magistrate Judge J. Richard Creatura for further proceedings.

The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge J. Richard Creatura, all counsel of record, and to any party appearing *pro se* at said party's last known address.

Dated this 4th day of January, 2022.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge