UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOJO DEOGRACIAS EJONGA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CHERYL STRANGE, *et al.*,<br><br>　　　　　　Defendants. | CASE NO. 2:21-cv-01004-RJB-JRC<br><br>ORDER TO SHOW CAUSE REGARDING ADDRESS |

　　This matter is before the Court on referral from the district court and on this Court's order directing service on defendant Alex Watanabe. *See* Dkt. 93.

　　In April 2022, the Court directed service of plaintiff's amended complaint to the newly added defendants. *See* Dkt. 64. On June 13, 2022, defendants filed a notice that defendant Watanabe no longer works for the Washington State Department of Corrections. *See* Dkt. 81 at 1. Defendants stated that "[s]ervice documents were mailed to Ms. Watanabe's last known address but were returned with a note that she no longer resides at that address." *Id.* On June 14, 2022, the Court ordered defendants to file defendant Watanabe's last known address so that the

ORDER TO SHOW CAUSE REGARDING ADDRESS - 1

Court may attempt service. *See* Dkt. 82. Defendants filed defendant Watanabe's last known address and the Court directed the Clerk to mail defendant Watanabe a copy of the complaint and waivers of service. *See* Dkts. 86, 93. On August 10, 2022, the mail addressed to defendant Watanabe was returned to the Clerk's office as "Undeliverable/Vacant." Dkt. 97.

Although plaintiff is *pro se* and proceeds *in forma pauperis*, it remains plaintiff's burden to provide sufficient information that the Court can effectuate service. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) ("So long as the prisoner has furnished the information necessary to identify the defendant," the marshals' failure to serve is good cause to excuse failure to timely serve the complaint), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). The Court will not undertake to further investigate the address of defendant Watanabe for plaintiff. *See Martin v. Serrell*, No. 4:03-CV-3130, 2006 WL 488718, at *1 (D. Neb. Feb. 27, 2006) ("[T]he court cannot become an advocate for, or agent of, either side of a case, and as a result, tracing defendants who have left their former governmental employment must be left to the devices of a plaintiff[.]"). Further, a failure of an IFP plaintiff to provide accurate and sufficient information to effect service of the summons and complaint is a ground for dismissal of the unserved defendant. *See Walker*, 14 F.3d at 1421–22.

Therefore, the Court directs plaintiff to provide a complete address for defendant Watanabe so that the Court can again attempt service by mail. Failure to provide an address on or before **September 16, 2022,** will result in the undersigned recommending dismissal without prejudice of the claims against defendant Watanabe.

Dated this 30th day of August, 2022.

J. Richard Creatura
Chief United States Magistrate Judge

ORDER TO SHOW CAUSE REGARDING ADDRESS - 2