UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOJO DEOGRACIAS EJONGA,

    Plaintiff,

v.

CHERYL STRANGE, *et al.*,

    Defendants.

CASE NO. 2:21-cv-01004-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: September 16, 2022

This matter is before the Court on referral from the district court and on defendants' motion to dismiss and motion to drop misjoined parties. *See* Dkts. 67, 69.

Plaintiff, proceeding *pro se* and incarcerated at the Stafford Creek Corrections Center, brings suit against several Department of Corrections and Washington State Reformatory ("WSR") officials related to plaintiff's time incarcerated at the WSR, part of the Monroe Corrections Center ("MCC"). Specifically, plaintiff challenges these officials' handling of the COVID-19 pandemic at the WSR, alleging that he was subjected to unconstitutional conditions

REPORT AND RECOMMENDATION - 1

1 of confinement, and alleges that certain defendants retaliated against him after he complained of

2 the conditions.

3    Defendants moved to dismiss plaintiff's Eighth Amendment conditions of confinement

4 claim and moved to drop newly added defendants because they were misjoined. Plaintiff's

5 Eighth Amendment claim should not be dismissed at this stage because he has alleged sufficient

6 facts to state a claim. The newly added defendants should not be dropped from this action

7 because the claims against them—such as retaliation for complaining about conditions of

8 confinement—are plausibly related to plaintiff's Eighth Amendment claims.

9    Accordingly, the Court recommends that defendants' motions be denied.

10 **BACKGROUND**

11   **I.**  **Procedural History**

12    In August 2021, plaintiff, proceeding *pro se*, filed a complaint alleging that defendants

13 Cheryl Strange, Michael Obenland, and Eric Jackson violated his right to be free from cruel and

14 unusual punishment, to due process, and to equal protection by consolidating housing units at the

15 WSR. *See* Dkt. 7. Specifically, plaintiff alleged that the consolidation resulted in overcrowding,

16 which increased the risk of contracting COVID-19, and stripped him and other prisoners of

17 certain privileges without just cause. *See id.* at 5–8. Along with his complaint, plaintiff filed a

18 motion for a temporary restraining order ("TRO") and preliminary injunctive relief asking the

19 Court to order defendants to return every cell to "single-bunking." Dkt. 8 at 10.

20    On September 17, 2021, this Court recommended that plaintiff's motion for a TRO and

21 preliminary injunction be denied because plaintiff had not shown a likelihood of success on the

22 merits. *See* Dkt. 26 at 12. On November 15, 2021, the Honorable Robert J. Bryan adopted the

23 Court's recommendation, to the extent it recommended dismissal of plaintiff's motion for TRO

24

1 and preliminary injunction, because plaintiff had recently been transferred to another facility,
2 which mooted his requested relief. *See* Dkt. 42 at 2–3.

3       On January 7, 2022, the Court ordered plaintiff to show cause why his action should not
4 be dismissed as moot after his transfer. *See* Dkt. 49. On March 3, 2022, plaintiff filed a response
5 and indicated that he intended to file an amended complaint to include damages and additional
6 defendants, and that his initial complaint was put together quickly (two days) because of the
7 impending consolidation. *See* Dkt. 55 at 4, 7. Plaintiff filed a motion for leave to amend his
8 complaint and a proposed amended complaint on March 15, 2022. *See* Dkts. 56, 57.

9       In his proposed amended complaint, plaintiff cured the deficiency identified by the Court
10 by bringing an Eighth Amendment claim for damages against the original defendants. *See* Dkt.
11 57. Plaintiff also included additional claims against newly added defendants Alex Watanabe,
12 Carol Smith, Lee Stemler, Jack Warner, Arben Kullojka, and several "Doe" defendants for
13 alleged deliberate indifference, retaliation, and discrimination. *See* Dkt. 57. On April 20, 2022,
14 the Court granted plaintiff's motion to amend because plaintiff filed the motion within 21 days of
15 defendants' answer—which allowed him to amend as a matter of right. *See* Dkt. 64 at 3. The
16 Court also screened plaintiff's amended complaint and determined that "it includes sufficiently
17 viable claims to merit service on the newly added defendants" with the exception of the "Doe"
18 defendants. *Id.* Thus, the operative amended complaint was filed on April 20, 2022. *See* Dkt. 65

19       On May 3, 2022, defendants Jackson, Obenland, and Strange filed a motion to dismiss
20 the claims against them. *See* Dkt. 67. The next day, the same defendants filed a motion to drop
21 misjoined parties. *See* Dkt. 69. Defendant Warner joined the motion to dismiss, *see* Dkt. 84, and
22 defendants Kullojka, Smith, and Stemler joined the motion to drop misjoined parties, *see* Dkt.
23 85. Defendant Watanabe has not appeared in the matter. The Court provided plaintiff several
24

extensions to respond to the motions and the motions are now ripe for decision. *See* Dkts. 76, 92, 98.

**II.     Allegations in the Amended Complaint**

Plaintiff brings seven claims in his amended complaint. In counts I and II, plaintiff alleges that defendant Watanabe violated plaintiff's First Amendment rights when defendant Watanabe retaliated against plaintiff for grieving the conditions of his confinement and interfered with the grievance process. *See* Dkt. 65 at 13–14, 29–30. In count III, plaintiff alleges that defendants Watanabe, Smith, and Stemler violated his First Amendment rights when they "put a de facto ban on the right to grieve [] conditions of confinement related to [COVID]-19 [i]solation or [q]uarantine." *Id.* at 30. In count IV, plaintiff alleges that defendants Warner, Kullojka, and Stemler violated his First Amendment rights when they "[i]nterfered with his right to communicate with his consulate by denying plaintiff access to consulate call for months . . . ." *Id.* at 31.

In count V, plaintiff alleges that defendants Obenland, Warner, Kullojka, Stemler, and certain "Doe" defendants violated his Eighth Amendment rights when they "subjected plaintiff to cruel and inhumane conditions of confinement during what [was] supposed to be a medical isolation . . . ." *Id.* at 31–32. In count VI, plaintiff alleges that defendants Strange, Obenland, Jackson, Warner, and certain "Doe" defendants "violated plaintiff's constitutional rights by intentionally subjecting him[] to [a] cruel and inhumane living environment [and] intentionally expo[s]ing him to the risk of a dangerous virus" when they ordered the consolidation of the WSR. *Id.* at 19–28, 32–33.

For count VII, plaintiff alleges a "Doe" defendant violated plaintiff's constitutional rights when he made discriminatory remarks to plaintiff. *See id.* at 17, 33–34. Plaintiff seeks various forms of damages and declaratory relief. *See id.* at 34–37.

## DISCUSSION

### I. Motion to Dismiss

Defendants Jackson, Obenland, Strange, and Warner move the Court to dismiss plaintiff's Eighth Amendment claim against them because he has failed to state a claim for relief and because they are entitled to qualified immunity. *See* Dkts. 67, 84.

#### A. Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, courts accept as true a plaintiff's well-pleaded factual allegations and construe all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." *Fontana v. Haskin,* 262 F.3d 871, 876–77 (9th Cir. 2001).

A *pro se* complaint must be "liberally construed" and held "to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 & n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

1    It is undisputed that the treatment a prisoner receives in prison and the conditions under
2    which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*,
3    509 U.S. 25, 31 (1993). "To establish an Eighth Amendment violation, a prisoner 'must satisfy
4    both the objective and subjective components of a two-part test.'" *Id.* (quoting *Hallett v. Morgan*,
5    296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). "First, there must be a demonstration that
6    the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities.'"
7    *Id.* (quoting *Hallett*, 296 F.3d at 744 (citation omitted)). Second, a prisoner must demonstrate
8    that the prison official "acted with deliberate indifference in doing so." *Id.* (internal citation and
9    quotation marks omitted). This second consideration incorporates a subjective inquiry: "a prison
10   official cannot be found liable under the Eighth Amendment for denying an inmate humane
11   conditions of confinement unless the official knows of and disregards an excessive risk to inmate
12   health or safety; the official must both be aware of facts from which the inference could be
13   drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*
14           Defendants argue that several allegations made by plaintiff fail to state a claim under the
15   Eighth Amendment. For example, defendants argue that plaintiff's allegations that he was
16   transferred to a higher security unit, was placed in a shared cell instead of a single person cell,
17   and that defendants did not comply with a vacated consent decree do not, by themselves, show a
18   violation of the Eighth Amendment. *See* Dkt. 67 at 5–11. However, liberally construing
19   plaintiff's complaint, as the Court must, *see Erickson*, 551 U.S. at 94, plaintiff does not appear to
20   be bringing individual claims of deliberate indifference, but rather is alleging that the various
21   conditions that he mentions compounded with each other and with the COVID-19 pandemic,
22   amounting to unconstitutional conditions of confinement. This is sufficient to allege a deliberate
23   indifference claim. *See Penwell v. Strange*, No. 3:21-cv-05722-RJB-JRC, 2022 WL 3325073, at
24

*2 (W.D. Wash. Aug. 11, 2022) (holding that a combination of allegations supported a similar claim).

Defendants also argue that plaintiff "has failed to plead the objective element of his claim" because he "cannot show that society finds the risk of exposure in circumstances present here so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." Dkt. 67 at 10–11 (emphasis in original). The Court disagrees. In addition to his allegations of the conditions of confinement, plaintiff alleges that he has previously been infected with COVID-19 and still has lingering side effects, such as loss of taste, vertigo, and fatigue. *See* Dkt. 65 at 21. The Court joins multiple other courts faced with similar allegations that concluded that there was a risk of serious harm. *See, e.g.*, *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020) ("The COVID-19 virus creates a substantial risk of serious harm leading to pneumonia, respiratory failure, or death."); *Burgess v. Newsom*, No. 121CV00077SABPC, 2021 WL 4061611, at *2 (E.D. Cal. Sept. 7, 2021) ("It is clear that COVID-19 poses a substantial risk of serious harm."), *report and recommendation adopted*, 2021 WL 4975140 (Oct. 25, 2021); *Torres v. Milusnic*, 472 F. Supp. 3d 713, 728 (C.D. Cal. 2020) ("Petitioners show they are at substantial risk of exposure to COVID-19, which is inconsistent with contemporary standards of human decency.").

Accordingly, the Court recommends that defendants' motion to dismiss for failure to state a claim (Dkt. 67) be denied.

### B. Qualified Immunity

Defendants alternatively argue that qualified immunity bars plaintiff's claim against them. *See* Dkt. 67 at 12–14. "[Q]ualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To be clearly established, a right must be sufficiently clear "that every 'reasonable official would [have understood] that what he [or she] is doing violates that right.'" *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (quoting *Ashcroft v. Al–Kidd*, 563 U.S. 731, 741 (2011)). This immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Defendants argue that plaintiff "makes no allegations that [d]efendants have engaged in conduct that is barred by clearly established law." Dkt 67 at 14. However, existing precedent clearly establishes the right of an individual in custody to protection from heightened exposure to a serious communicable disease. *See, e.g.*, *Helling*, 509 U.S. 25, 33 (1993) (finding that prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease" under the Eighth Amendment); *see also Hutto v. Finney*, 437 U.S. 678, 682–83 (1978) (affirming a finding of an Eighth Amendment violation where a facility housed individuals in crowded cells with others suffering from infectious diseases); *Andrews v. Cervantes*, 493 F.3d 1047, 1050 (9th Cir. 2007) (recognizing a cause of action under the Eighth Amendment and 42 U.S.C. § 1983 for an alleged policy of not screening inmates for infectious diseases and for housing contagious and healthy individuals together during a known "epidemic of hepatitis C"); *Trevizo v. Webster*, No. CV 17-5868-MWF (KS), 2018 WL 5917858, at *4 (C.D. Cal. Sept. 6, 2018) ("It is well accepted that such 'substantial risks of harm' include 'exposure of inmates to a serious, communicable disease[,]'" including MRSA); *Loftin v. Dalessandri*, 3 F. App'x 658, 663 (10th Cir. 2001) (recognizing an Eighth Amendment claim for

knowingly housing the defendant in a cell with individuals who had tested positive for tuberculosis).

The Court joins other district courts in concluding that cognizable allegations of deliberate indifference to the risk of contracting COVID-19 in a prison setting escape the qualified immunity bar. *See, e.g.*, *Penwell*, 2022 WL 3325073, at *2 ("[A] reasonable prison official should know that causing exceptionally crowded cells during a pandemic, not providing reasonable safety measures in a timely manner, and discouraging symptom reporting is deliberately indifferent to a serious risk of harm."); *Jones v. Sherman*, No. 121CV01093DADEPGPC, 2022 WL 783452, at *10 (E.D. Cal. Mar. 11, 2022) ("The Court also finds that the law is clearly established that individuals in government custody have a constitutional right to be protected against a heightened exposure to serious, easily communicable diseases, and that this this clearly established right extends to protection from COVID-19."); *Jones v. Pollard*, No. 21-CV-162-MMA (RBM), 2022 WL 706926, at *9 (S.D. Cal. Mar. 9, 2022) ("Existing precedent clearly establishes the right of an individual in custody to protection from heightened exposure to a serious communicable disease."); *Maney v. Brown*, No. 6:20-CV-00570-SB, 2020 WL 7364977, at *6 (D. Or. Dec. 15, 2020) ("The law is clearly established that individuals in government custody have a constitutional right to be protected against a heightened exposure to serious, easily communicable diseases, and the Court finds that this clearly established right extends to protection from COVID-19.").

Accordingly, at this point in the proceedings, the Court finds that qualified immunity does not apply to plaintiff's Eighth Amendment claim and recommends that defendants' motion also be denied as to that basis.

///

**II.      Motion to Drop Misjoined Parties**

Defendants move the Court to drop defendants Smith, Kullojka, Watanabe, and Stemler from the action because they were misjoined. *See* Dkt. 69.

Rule 18(a) of the Federal Rules of Civil Procedure allows plaintiff to join as many claims as he has against an opposing party in one suit. Plaintiff may also add any additional claims against other defendants, if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. *See* Fed. R. Civ. P. 20(a)(2). Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg. Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1972). Pursuant to Rule 21 of the Federal Rules of Civil Procedure a court may correct a misjoinder of parties or claims by adding or dropping a party or severing any claim.

Here, the Court previously screened plaintiff's amended complaint and determined that "it includes sufficiently viable claims to merit service on the newly added defendants" with the exception of the "Doe" defendants. Dkt. 64 at 3. The Court sees no reason to depart from its determination at this point in the proceedings.

Defendants argue that plaintiff is attempting to circumvent the Prison Litigation Reform Act ("PLRA"), and avoid paying filing fees and incurring multiple strikes, by filing multiple lawsuits as one. *See* Dkt. 69 at 7. For support, defendants cite *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), a case in which the Seventh Circuit agreed with the district court that it was improper for a plaintiff to assert 50 distinct claims against 24 defendants in one lawsuit in order to circumvent the PLRA. The Seventh Circuit explained that "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." 507 F.3d at 607. However, the Court

must construe both Rule 20 and plaintiff's pleadings liberally. *See League to Save Lake Tahoe*, 558 F.2d at 917; *Erickson*, 551 U.S. at 94.

Construing his complaint liberally, the claims brought by plaintiff, unlike the cases cited by defendants, are plausibly related. Defendants ask the Court to read every claim in isolation and limited to the paragraphs each claim incorporates. But, although not explicitly incorporated in every claim, plaintiff made certain allegations that indicate that the claims may be related. For example, plaintiff alleges that as a result of his challenges to the handling of COVID-19 at the WSR, he faced "numerous retaliatory actions," which included interference with the ability to file grievances, interference with his access to the courts, "making up [an] incident" that resulted in plaintiff being sent to "segregation" for 30 days, and denying him the ability to contact his consulate. Dkt. 65 at, 11–12, 27. Thus, a reasonable inference can be made that the alleged actions by the added defendants were taken because plaintiff complained about the institution's handling of the COVID-19 pandemic. Indeed, in opposing defendants' motion, plaintiff states that all of the "named defendants took actions during the [COVID]-19 global p[a]ndemic that either endangered plaintiff's well-being [or] retaliated against him for speaking up . . . ." Dkt. 87 at 4.

Should discovery show that such an inference is not reasonable, the Court can reconsider whether severing one or more claims and/or defendants would be appropriate. *See* Fed. R. Civ. P. 21 ("On motion or on its own the court may *at any time*, on just terms, add or drop a party") (emphasis added). Accordingly, the Court recommends that defendants' motion be denied.

## CONCLUSION

The Court recommends that defendants' motion to dismiss and motion to drop misjoined parties be denied. Dkts. 67, 69.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 16, 2022,** as noted in the caption.

Dated this 30th day of August, 2022.

J. Richard Creatura
Chief United States Magistrate Judge