UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOJO DEOGRACIAS EJONGA,

Plaintiff,

v.

CHERYL STRANGE, *et al.*,

Defendants.

CASE NO. 2:21-cv-01004-RJB-JRC

ORDER GRANTING MOTION TO EXTEND PRETRIAL SCHEDULE

This matter is before the Court on referral from the district court and on plaintiff's motion to modify the pretrial scheduling order. *See* Dkt. 112.

In the scheduling order for this matter, the Court ordered that discovery must be completed by September 23, 2022, and that any dispositive motion must be filed by October 21, 2022. *See* Dkt. 66. On October 4, 2022, defendants moved the Court to extend the dispositive motion deadline because the Court recommended that their motion to dismiss be denied and because the Court had granted plaintiff several extensions to respond, which had the effect of preventing defendants from filing a timely motion for summary judgment. *See* Dkt. 106. Plaintiff

did not respond to defendants' motion. The Court granted defendants' motion and ordered that dispositive motions must be filed by January 23, 2023. *See* Dkt. 111.

The day after the Court's order modifying the pretrial schedule, plaintiff filed a motion asking the Court to reopen discovery and extend the dispositive motion deadline for an additional month. *See* Dkt. 112. Plaintiff claims that he was unable to complete discovery due to COVID-19 lockdowns, which prevented him from accessing the law library. *See id.* Defendants oppose the motion. *See* Dkt. 116.

The court will modify dates set forth in a scheduling order only upon a showing of good cause by the moving party. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The "good cause" standard also applies to requests to reopen discovery. *See, e.g.*, *Sheridan v. Reinke*, 611 F. App'x 381, 384 (9th Cir. 2015) (applying *Johnson* "good cause" requirement to motions to reopen discovery). The primary factor courts consider in making a good cause determination is whether the moving party was diligent in its attempts to complete discovery in a timely manner. *See Johnson*, 975 F.2d at 609. If that party was not diligent, the inquiry should end and the request should be denied. *Id*. The decision to reopen discovery involves an exercise of discretion. *See Hughes Aircraft Co. v. United States, ex rel. William Schumer*, 520 U.S. 939, 952 (1997). When reopening discovery, courts must consider the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (cleaned up).

1

2    Here, there is no trial date set. *See* Dkt. 66. Defendants oppose the request, which weighs

3 against plaintiff. *See* Dkt. 116. However, defendants do not allege that they will be prejudiced,

4 and the Court sees no prejudice. Further, because the COVID-19 lockdowns could not be

5 foreseeable, the Court finds that plaintiff was reasonably diligent in attempting to abide by the

6 Court's deadlines. The last factor also weighs in plaintiff's favor because it appears that he is

7 alleging that no discovery has taken place between the parties. The Court finds that these

8 circumstances constitute good cause to grant plaintiff's requests.

9    Accordingly, the Court grants plaintiff's motion (Dkt. 112). Discovery is reopened and

10 must be completed by January 23, 2023. The dispositive motion deadline is now set for February

11 23, 2023. All other deadlines remain the same.

12    Dated this 14th day of December, 2022.

13

14    J. Richard Creatura
       Chief United States Magistrate Judge
15

16

17

18

19

20

21

22

23

24