UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOJO DEOGRACIAS EJONGA,

　　　　　　　Plaintiff,

　　v.

CHERYL STRANGE, *et al.*,

　　　　　　　Defendants.

CASE NO. 2:21-cv-01004-RJB-JRC

ORDER DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on referral from the district court and on plaintiff's motion for the appointment of counsel. *See* Dkt. 122.

There is no constitutional right to appointed counsel in a § 1983 civil action. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of

1 the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues
2 involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v.*
3 *Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an
4 insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate
5 the factual basis of his claims. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101,
6 1103 (9th Cir. 2004).

7 In support of his motion to appoint counsel, plaintiff lists barriers that are common to *pro*
8 *se* prisoners. For example, plaintiff claims he cannot afford a lawyer, that his imprisonment will
9 greatly limit his ability to litigate the case, and that a lawyer will be better suited to handle a trial.
10 *See* Dkt. 122 at 1–2. Unfortunately, because these barriers are common, they are not considered
11 exceptional circumstances that warrant the appointment of counsel. *See Siglar v. Hopkins*, 822
12 Fed. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because plaintiff's
13 "circumstances were not exceptionally different from the majority of the challenges faced by *pro*
14 *se* litigants) (citations omitted); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009)
15 (holding that limitations in plaintiff's ability to prepare for trial due to his imprisonment were not
16 exceptional circumstances to appoint counsel). There may come a time when the courts or
17 Congress will recognize that these conditions compel the appointment of counsel without charge.
18 But we are not there yet. Therefore, the law says these conditions, alone, do not compel this
19 Court to appoint *pro bono* counsel.

20 The Court notes that plaintiff has been litigating this action since July 27, 2021 without
21 counsel and the Court has not had trouble understanding plaintiff's arguments or requests.
22 Plaintiff also has not shown that he is likely to succeed on the merits of his claims. Further,
23 plaintiff appears to want an attorney to help with discovery, *see* Dkt. 122 at 1, but the discovery
24

ORDER DENYING MOTION TO APPOINT COUNSEL
- 2

1  deadline already passed and the Court has not extended the deadline. *See* Dkt. 120 (setting

2  discovery deadline to January 23, 2023). Accordingly, the Court declines to appoint counsel in

3  this action and denies plaintiff's motion. Dkt. 122.

4  Dated this 6th day of February, 2023.

_____
J. Richard Creatura
United States Magistrate Judge