UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOJO DEOGRACIAS EJONGA,

             Plaintiff,

v.

CHERYL STRANGE, *et al.*,

             Defendants.

CASE NO. 2:21-cv-01004-RJB-JRC

ORDER GRANTING EXTENSION OF PRETRIAL DEADLINES

    This matter is before the Court on referral from the District Court and on plaintiff's motion to extend discovery. *See* Dkt. 126.

**BACKGROUND**

    The Court reopened discovery in this matter and ordered that discovery be completed by January 23, 2023, and that any dispositive motions be filed by February 23, 2023. *See* Dkt. 120. On January 26, 2023, plaintiff filed a motion to extend the discovery deadline. *See* Dkt. 126. Plaintiff claims that did not receive responses to certain discovery requests he made to defendants and may need time to file a motion to compel. *See id.* at 2. Defendants oppose

plaintiff's motion and argue that his discovery requests were deficient. *See* Dkt. 128. Plaintiff did not reply.

On February 23, 2023, defendants filed a motion for summary judgment. *See* Dkt. 131. Five days later, plaintiff filed a motion to compel discovery. *See* Dkt. 134. Both motions are noted for consideration on March 17, 2023. *See* Dkts. 131, 134.

## DISCUSSION

The court will modify dates set forth in a scheduling order only upon a showing of good cause by the moving party. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The "good cause" standard also applies to requests to reopen discovery. *See, e.g.*, *Sheridan v. Reinke*, 611 F. App'x 381, 384 (9th Cir. 2015) (applying *Johnson* "good cause" requirement to motions to reopen discovery). The primary factor courts consider in making a good cause determination is whether the moving party was diligent in its attempts to complete discovery in a timely manner. *See Johnson*, 975 F.2d at 609. If that party was not diligent, the inquiry should end and the request should be denied. *Id*. The decision to reopen discovery involves an exercise of discretion. *See Hughes Aircraft Co. v. United States, ex rel. William Schumer*, 520 U.S. 939, 952 (1997). When reopening discovery, courts must consider the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (cleaned up).

1      Here, the Court concludes that plaintiff has shown good cause to reopen discovery for the limited purpose of considering his motion to compel. There is no trial set and plaintiff has been diligent in attempting to conduct discovery despite COVID-19 lockdowns, which were not foreseeable. *See* Dkt. 120 at 3. Although defendants oppose the motion and argue that they would be prejudiced by further delay, *see* Dkt. 128 at 4, it remains to be seen whether they were justified in refusing to provide plaintiff with his requested discovery.

**CONCLUSION**

    Accordingly, the Court grants plaintiff's motion to reopen and extend discovery. Dkt. 126. Specifically, discovery is reopened so that the Court may consider plaintiff's motion to compel. *See* Dkt. 134. As a result, the Court finds it necessary for briefing purposes to continue the noting date for plaintiff's motion to compel (Dkt. 134) to March 24, 2023, and defendants' motion for summary judgment (Dkt. 131) to April 21, 2023. *See* Local Civil Rule 7(l) ("The court may renote a pending motion to ensure compliance with applicable court rules or for other reasons.").

    Dated this 13th day of March, 2023.

J. Richard Creatura
United States Magistrate Judge

ORDER GRANTING EXTENSION OF PRETRIAL
DEADLINES - 3