UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOJO DEOGRACIAS EJONGA,<br><br>               Plaintiff,<br>   v.<br><br>CHERYL STRANGE, et al.,<br><br>               Defendants. | CASE NO. 2:21-cv-01004-RJB-GJL<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND GRANTING MOTION FOR EXTENSION |

This matter is before the Court on referral from the district court and on Plaintiff's motions to compel (Dkt. 134) and for an extension of time to respond to Defendants' pending motion for summary judgment (Dkt. 138). For the reasons discussed below, the Court denies Plaintiff's motion to compel, but extends the briefing schedule and noting date of Defendants' motion for summary judgment.

**I.   BACKGROUND**

Plaintiff, proceeding *pro se* and currently incarcerated at the Stafford Creek Corrections Center ("SCCC"), brings 42 U.S.C. § 1983 claims against several Department of Corrections and Washington State Reformatory ("WSR") officials related to plaintiff's previous incarceration at

WSR. Plaintiff's original complaint, filed on July 27, 2021, challenged Defendants' plans to consolidate housing units at WSR in advance of a planned closure, and sought injunctive relief to prevent the consolidation. Dkt. 7.

Defendants brought an early motion for summary judgment on September 24, 2021. Dkt. 28. Plaintiff responded with a request for additional time for discovery pursuant to Fed. R. Civ. P. 56(d), stating he intended to seek documents supporting his claim but had not yet been able to do so. Dkt. 37. On November 15, 2021, Magistrate Judge Creatura recommended striking Defendants' motion without prejudice as premature in light of the lack of discovery at the time, and the District Court adopted the recommendation. Dkts. 44, 48.

Plaintiff sought a preliminary injunction (Dkt. 8), but was subsequently transferred to SCCC,[1] and the District Court therefore denied his request as moot. Dkt. 42. After the Court issued an order to show cause why Plaintiff's transfer did not render this matter moot, Plaintiff sought—and was granted—leave to amend his complaint. Dkts. 49, 56, 64. Plaintiff filed his Amended Complaint, the operative complaint in this matter, on April 20, 2022. Dkt. 65. Plaintiff's Amended Complaint seeks damages and challenges WSR officials' handling of the COVID-19 pandemic and the consolidation, as well as bringing retaliation and First Amendment claims against additional defendants. *Id*.

The Court issued a scheduling order on April 22, 2022, setting a discovery cutoff of September 23, 2022, and a dispositive motions deadline of October 21, 2022. Dkt. 66. In light of multiple extensions of the noting date for Defendants' motion to dismiss, the Court granted Defendants' request to extend the dispositive motion deadline to permit them to file a motion for

---

[1] The record in this case shows plaintiff was transferred from WSR on November 1, 2021 to an interim facility, and was transferred to SCCC on November 15, 2021. Dkt. 46.

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL AND GRANTING MOTION FOR
EXTENSION - 2

1  summary judgment—extending the deadline to January 23, 2023. Dkt. 111. Plaintiff then

2  requested a one-month extension of the discovery cutoff, contending COVID-19 lockdowns had

3  prevented him from accessing his facility's law library. Dkt. 112. The Court granted Plaintiff's

4  motion, reopening discovery with a new cutoff of January 23, 2023, and a further extension of

5  the dispositive motion deadline to February 23, 2023. Dkt. 120. On February 23, 2023,

6  Defendants filed their motion for summary judgment. Dkt. 131.

7       On January 12, 2023, Plaintiff served written discovery requests on Defendants. Dkt.

8  137-1. On January 26, 2023, Plaintiff brought a second motion to extend the discovery deadline

9  in order to compel responses to his requests (Dkt. 126) and on February 28, 2023, filed a motion

10  to compel (Dkt. 134). On March 13, 2023, the Court issued an order reopening discovery for the

11  limited purpose of deciding Plaintiff's motion to compel, and also renoted Defendants' summary

12  judgment motion for April 21, 2023. Dkt. 135. On March 15, 2023, Plaintiff filed a motion

13  seeking an additional extension of the briefing schedule on Defendants' motion for summary

14  judgment. Dkt. 138.

15      Defendants have filed a response to Plaintiff's motion to compel (Dkt. 136) and Plaintiff

16  has filed a reply in support of that motion (Dkt. 139). Defendants also filed a response to

17  Plaintiff's motion for an extension (Dkt. 140) and Plaintiff filed a reply (Dkt. 141).

18                        **II.   DISCUSSION**

19  **A.   Motion to Compel**

20      Plaintiff seeks to compel Defendants to answer interrogatories and to produce documents

21  in response to his requests for production. Dkt. 134.[2] Defendants contend the requests are

22

23  [2] The Court notes that Plaintiff did not include with his motion a certification that he had met and conferred with Defendants' counsel pursuant to LCR 37(a)(1). However, it appears from Plaintiff's motion that he has conducted a telephone conference with Defendants' counsel regarding the discovery requests. Dkt. 134 at 7. Furthermore,

24

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL AND GRANTING MOTION FOR
EXTENSION - 3

defective because (1) they were untimely, as they were served less than 30 days before the discovery cutoff, (2) they were not signed by Plaintiff pursuant to Fed. R. Civ. P. 26(g)(1), and (3) they did not specify the Defendant to whom they were directed. Dkt. 136 at 1–3. Defendants further contend discovery should be strictly limited in light of their assertion of qualified immunity, and argue that the specific requests are overly broad or otherwise objectionable. *Id*. at 7–15.

      Plaintiff's motion to compel, if granted, would require an additional reopening of discovery. The court will modify dates set forth in a scheduling order only upon a showing of good cause by the moving party. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The "good cause" standard also applies to requests to reopen discovery. *See, e.g.*, *Sheridan v. Reinke*, 611 F. App'x 381, 384 (9th Cir. 2015) (applying *Johnson* "good cause" requirement to motions to reopen discovery). The primary factor courts consider in making a good cause determination is whether the moving party was diligent in its attempts to complete discovery in a timely manner. *See Johnson*, 975 F.2d at 609. If that party was not diligent, the inquiry should end and the request should be denied. *Id*. The decision to reopen discovery involves an exercise of discretion. *See Hughes Aircraft Co. v. United States, ex rel. William Schumer*, 520 U.S. 939, 952 (1997). When reopening discovery, courts must consider the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed

---

Defendants have not asserted there has been a failure to meet and confer. The Court will therefore consider the motion to compel.

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL AND GRANTING MOTION FOR
EXTENSION - 4

for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (cleaned up).

Here, Plaintiff has not demonstrated that he has been diligent as Plaintiff's discovery requests are untimely. Plaintiff served his requests on January 12, 2023, which was not sufficiently in advance of the January 23, 2023 discovery cutoff to permit the 30-day response time required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33(b)(2). The Court's Scheduling Order expressly warned Plaintiff of this requirement:

> Federal Rule of Civil Procedure 33(a) requires answers or objections to be served within thirty (30) days after service of the interrogatories. The serving party, therefore, must serve his/her interrogatories at least thirty (30) days before the deadline in order to allow the other party time to answer.

Dkt. 66 at 1–2. Nonetheless, Plaintiff served his requests only 11 days, instead of 30 days, before the deadline. Dkt. 137-1 at 12.

The Court has previously granted Plaintiff extensions of time to obtain discovery. Very early in this case, in November 2021, Plaintiff expressed his intent to seek discovery—and the Court struck Defendants' initial motion for summary judgment to permit him an opportunity to do so. Dkt. 44. Then, in October 2022, Plaintiff sought an extension of the discovery deadline—apparently not having pursued any discovery during prior year. Dkt. 112. The Court granted Plaintiff's request (Dkt. 120)—but Plaintiff has failed to comply with the new deadline.

The Court concludes Plaintiff has not been diligent in obtaining discovery within the guidelines established by the Court. Moreover, Defendants have opposed Plaintiff's request for an additional reopening of discovery, and will be prejudiced by continued delay of this case in light of the multiple extensions that the Court has already granted. Plaintiff's need for discovery was foreseeable as far back as November, 2021, yet he did not serve his first interrogatories and

requests for production until January 12, 2023—after they were required to be served in order to meet the extended deadline.

Plaintiff's discovery requests are untimely and he has not demonstrated that a further reopening of discovery is justified under the *City of Pomona* factors. Plaintiff's Motion to Compel (Dkt. 134) is therefore **DENIED**.

**B.   Extension of Time**

Plaintiff requests a 45-day extension of time to respond to Defendants' summary judgment motion. Dkt. 138. Defendants oppose the request, arguing that Plaintiff is not entitled to discovery and should therefore not receive an extension of the summary judgment deadlines in order to obtain it. Dkt. 140.

The court will modify dates set forth in a scheduling order only upon a showing of good cause by the moving party. *See* Fed. R. Civ. P. 16(b); *Johnson*, 975 F.2d at 608.

As discussed above, the Court finds discovery should not be reopened in this case. However, it is in the interest of justice to provide Plaintiff adequate time to respond to Defendants' motion for summary judgment. Accordingly, the Court **GRANTS** Plaintiff's motion to extend the time to respond, and renotes Defendants' motion for summary judgment for June 23, 2023. However, in light of the number of extensions Plaintiff has already received, the Court will not grant further extensions absent extraordinary circumstances.

### III.   CONCLUSION

The Court therefore ORDERS as follows:

1. Plaintiff's motion to compel (Dkt. 134) is **DENIED**;

2. Plaintiff's motion for an extension of time to respond to Defendants' motion for summary judgment (Dkt. 138) is **GRANTED**. Plaintiff shall file his response on or before June

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL AND GRANTING MOTION FOR
EXTENSION - 6

1  19, 2023 and Defendants may file a reply on or before June 23, 2023. The Clerk is directed to

2  renote Defendants' motion (Dkt. 131) for June 23, 2023.

3      Dated this 18th day of May, 2023.

                                  Grady J. Leupold
                                  United States Magistrate Judge