UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOJO DEOGRACIAS EJONGA,<br><br>                Plaintiff,<br>   v.<br><br>CHERYL STRANGE,<br><br>                Defendant. | CASE NO. 2:21-cv-01004-RJB-GJL<br><br>ORDER GRANTING LEAVE TO FILE SURREPLY |

This matter is before the Court on referral from the District Court and on Plaintiff's "motion for leave to file answer to Defendants' reply to motion" (Dkt. 150). Defendants have not filed a response.

Defendants submitted a Declaration from Defendant Alexandra Watanabe (Dkt. 149, the "Watanabe Declaration") with their reply materials in support of their pending motion for summary judgment (Dkt. 131). Plaintiff contends the Watanabe Declaration is unauthorized and submits new facts. Dkt. 150. Plaintiff seeks leave to file a response to the information in the Watanabe Declaration. *Id*.

ORDER GRANTING LEAVE TO FILE SURREPLY - 1

As a preliminary matter, Plaintiff argues that Fed. R. Civ. P. 6(c)(2) forbids declarations filed (as Defendants' reply materials were) less than seven days before the noting date of a motion. The rule relied upon by Plaintiff generally requires supporting materials to be filed "at least 7 days before" a hearing, but contains an exception where "the court permits service at another time." Fed. R. Civ. P. 6(c)(2). This Court's Local Rules grant such permission.

LCR 7 expressly permits a moving party to file with its reply brief "any supporting material of the type described in subsection (1)"—which includes affidavits and declarations. LCR 7(b)(3). Reply materials are due on the noting date of the motion at issue. LCR 7(d)(3). The Court's rules therefore contemplate, and permit, a moving party's filing of declarations with its reply.

Plaintiff requests leave to respond to the Watanabe Declaration. Pursuant to Local Civil Rule 7(g)(2), surreplies are limited to requests to strike material contained in or attached to a reply brief. "Extraneous argument or a surreply filed for any other reason will not be considered." *Id*; *see also Herrnandez v. Stryker Corp.*, No. C14-0613 RSM, 2015 WL 11714363, at *2 (W.D. Wash. Mar. 13, 2015). However, "[i]t is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–95 (1990). While the court may refuse to consider evidence submitted for the first time in a reply, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007), the Court may consider evidence and argument submitted with a reply that is responsive to arguments raised in the non-moving party's brief in opposition. *See PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, No. CV 05-08891 MMM FMOX, 2013 WL 12080306, at *4 (C.D. Cal. Oct. 8, 2013), *aff'd in part*, 884 F.3d 812 (9th Cir. 2018). "[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not

ORDER GRANTING LEAVE TO FILE SURREPLY - 2

consider the new evidence without giving the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (quoting *Black v. TIC Inv. Corp.,* 900 F.2d 112, 116 (7th Cir. 1990)).

Here, Defendants first submitted evidence from Defendant Watanabe with their reply materials. While the Watanabe Declaration arguably responds to arguments raised in Plaintiff's response to the summary judgment motion, it contains evidence that was not previously submitted. *See* Dkt. 149. Accordingly, the Court concludes that Plaintiff should be provided an opportunity to respond to the Watanabe Declaration.

The Court therefore **GRANTS** Plaintiff's motion as follows: Plaintiff may file a sworn declaration responding to factual statements made in the Watanabe Declaration, and may also submit an optional surreply memorandum not to exceed five pages and limited solely to the matters raised in the Watanabe Declaration. If Plaintiff chooses to submit such materials, he shall do so on or before **July 28, 2022**, and the Clerk is directed to renote Defendants' motion for summary judgment (Dkt. 131) for that date. The Court will consider both the Watanabe Declaration and any surreply materials submitted by Plaintiff when ruling on the motion for summary judgment.

Dated this 11th day of July, 2023.

Grady J. Leupold
United States Magistrate Judge

ORDER GRANTING LEAVE TO FILE SURREPLY - 3