UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOJO DEOGRACIAS EJONGA,<br><br>Plaintiff,<br><br>v.<br><br>CHERYL STRANGE; MICHAEL OBENLAND; ERIC JACKSON; JOHN DOE; CAROL SMITH; JANE DOE; JACK WARNER; LEE STEMLER; ALEX WANTANBE; ARBEN KULLOJKA; JON DOE,<br><br>Defendants. | CASE NO. 2:21-cv-01004-RJB-GJL<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Grady J. Leupold. Dkt. 154. The Court has considered the Report and Recommendation, Defendants' Objections to the Report and Recommendation, Plaintiff's Response to the Objections, and the file herein.

**A. BACKGROUND AND REPORT AND RECOMMENDATION**

On July 27, 2021, the Plaintiff, a *pro se* prisoner, filed this civil rights case pursuant to 42 U.S.C. § 1983. Dkt. 1. On September 14, 2023, the Report and Recommendation was filed,

recommending that Defendants' motion for summary judgment (Dkt. 131) be denied as to the Plaintiff's First Amendment retaliation claim against Defendant Alex Watanabe, a prison grievance coordinator, and granted in all other respects. Dkt. 154. The facts and procedural history are in the Report and Recommendation (Dkt. 154) and are adopted here. Defendants' objections relate to the Plaintiff's First Amendment retaliation claim only. Dkt. 155.

### B. PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM

The Plaintiff's First Amendment retaliation claim arises from a kiosk message from Plaintiff. For ease of reference, the facts related to this claim are repeated here. The Plaintiff's message at issue provided:

> It is crazy while yall [sic] got me sick, torture me in IMU, I grieve yall [sic], then yall [sic] want to write me up. This is intimidation and Harassment. Let Watanabe know, I will see her in Court.

Dkt. 65 at 13. As a result of the message, Defendant Watanabe filed a Washington Administrative Code ("WAC") 663 serious infraction notice against the Plaintiff. *Id.* at 48. After a hearing, the Plaintiff was found not guilty. *Id.* at 50-51.

### C. DEFENDANTS' OBJECTIONS AND DECISION

The Defendants maintain in their objections that the Report and Recommendation erred only in not recommending that Defendant Watanabe be granted qualified immunity. Dkt. 155. They contend that there is no showing that the Plaintiff's rights were clearly established at the time. *Id.*

In analyzing a qualified immunity defense, the Court must determine: (1) whether a constitutional right would have been violated on the facts alleged, taken in the light most favorable to the party asserting the injury; and (2) whether the right was clearly established when viewed in the specific context of the case. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

As to the first *Saucier* step, the Report and Recommendation recommends finding that there are issues of fact as to whether Defendant Watanabe violated the Plaintiff's First Amendment rights by retaliating against him in filing a serious infraction notice against him. Dkt. 154. The Defendants do not meaningfully object to this recommendation and it should be adopted.

As to the second *Saucier* step, the Court must determine whether the constitutional rights asserted were "clearly established when viewed in the specific context of the case." *Saucier* at 2156. For purposes of qualified immunity, "[a] right is clearly established when it is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 7 (2021). While case law directly on point is not required for a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* at 7-8. Courts in the Ninth Circuit look to "controlling authority or a robust consensus of cases of persuasive authority to determine settled law." *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1165 (9th Cir. 2022).

As it relates to Defendant Watanabe's claim for qualified immunity on the First Amendment retaliation claim, the Report and Recommendation points to *Entler v. Gregoire*, 872 F.3d 1031, 1034 (9th Cir. 2017) as clearly established law. Dkt. 154 at 16.

In *Entler,* the Plaintiff, a *pro se* prisoner, filed several kites regarding various issues, including charges on his prison account and being forced to work contrary to his religious beliefs. *Entler* at 1035-1038. His kites often included a demand for action (or to stop acting) and then statements like "or I will sue you," "or I'll file criminal charges against you and have you arrested," or "I will initiate litigation . . ." *Id.* at 1036-1037. Infractions were issued against

Entler and, after hearings, he was found guilty. *Id.* Entler filed a lawsuit, in part, asserting a First Amendment retaliation claim.

In reversing the district court's dismissal of his First Amendment retaliation claim, the Court in *Entler* noted that "[t]he most fundamental of the constitutional protections that prisoners retain are the First Amendment rights to file prison grievances and to pursue civil rights litigation in the courts." *Id.* at 1039. It held that there was no "constitutional underpinning" for a distinction between formal and informal grievances (whether written or verbal) or for "the distinction between a threat to initiate litigation and the litigation." *Id.* "[T]hreats to sue fall within the purview of the constitutionally protected right to file grievances." *Id.*

The Defendants in this case object, asserting that *Entler* does not govern whether qualified immunity should be granted here. Dkt. 155. They argue that unlike *Entler*, Plaintiff's statements were not respectful and that he used hyperbolic language. *Id.* The Defendants fail to explain why that is material. In any event, the *Entler* Court, while classifying some of Entler's kites as respectful, do not indicate that respectful language is a requirement or even that Entler was respectful in all his kites.

The Defendants also argue that *Entler* is distinguishable because the kites there were actually petitions to the government for redress. Dkt. 155. The Defendants' characterization of the Plaintiff's message (that it was not for government redress) is, at most, an issue of fact. At this stage, the facts must be viewed in a light most favorable to the Plaintiff. *Tuuamalemalo v. Greene*, 946 F.3d 471, 477 (9th Cir. 2019). Qualified immunity is not appropriate if, as here, there are issues of fact. *Id.* Further, whether the message was an informal grievance under the prison's grievance system is immaterial. "The applicability of the constitutional right to redress

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

of grievances does not hinge on the label the prison places on a particular complaint." *Entler* at 1039.

The Defendants maintain that this case is not like *Entler* because the Plaintiff's message was to be relayed to Watanabe directly. Dkt. 155. The Defendants fail to point to any authority to support their assertion (that the fact that the threat to initiate litigation was directed at Watanabe) is a relevant distinction. Further, at least some of Entler's threats regarding litigation were directed at individuals.

*Entler* constitutes clearly established law to notify Defendant Watanabe that initiating sanctions against the Plaintiff for threatening her with litigation was not lawful. Accordingly, qualified immunity should be denied as the Plaintiff's First Amendment retaliation claim.

### D. CONCLUSION

The Report and Recommendation (Dkt. 154) should be adopted. No objections were filed regarding the other recommendations on the dismissal of Plaintiff's remaining claims and/or "Doe" Defendants. The Report and Recommendation has merit in all respects.

### ORDER

Therefore, it is hereby **ORDERED** that:

- The Report and Recommendation (Dkt. 154) **IS ADOPTED**;
  - The Defendants' motion for summary judgment (Dkt. 131) **IS DENIED** as to the Plaintiff's First Amendment retaliation claim against Defendant Watanabe and **GRANTED** in all other respects:
    - Except for the Plaintiff's First Amendment retaliation claim, the Plaintiff's claims 2-6 **ARE DISMISSED WITH PREJUDICE;**

- Plaintiff's claims against the "Doe" Defendants, including Claim 7, **ARE DISMISSED WITHOUT PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge Leupold, all counsel of record, and to any party appearing *pro se* at said party's last known address.

Dated this 19th day of October, 2023.

ROBERT J. BRYAN
United States District Judge