UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOJO DEOGRACIAS EJONGA,<br><br>               Plaintiff,<br>   v.<br><br>CHERYL STRANGE; MICHAEL OBENLAND; ERIC JACKSON; JOHN DOE; CAROL SMITH; JANE DOE; JACK WARNER; LEE STEMLER; ALEX WANTANBE; ARBEN KULLOJKA; JON DOE,<br><br>               Defendants. | CASE NO. 2:21-cv-01004-RJB-GJL<br><br>ORDER ON MOTION TO APPOINT COUNSEL AND A MAGISTRATE JUDGE FOR A SETTLEMENT CONFERENCE |

    This matter comes before the Court on the Plaintiff's Motion for the Appointment of Counsel for Trial and Magistrate Judge for Negotiation. Dkt. 159. The Court has considered the pleadings filed regarding the motion and the remaining file.

    For the reasons provided below, the motion for the appointment of counsel (Dkt. 159) should be granted conditionally, contingent on the identification of counsel willing to represent

the Plaintiff pro bono in this case.  The motion to appoint a magistrate judge for settlement purposes (Dkt. 159) should be denied without prejudice.

**FACTS**

On July 27, 2021, the Plaintiff, a *pro se* prisoner presently housed at Stafford Creek Corrections Center, filed this civil rights case pursuant to 42 U.S.C. § 1983, asserting several claims.  Dkt. 1.  On October 19, 2023, a Report and Recommendation (Dkt. 154) was adopted dismissing all Plaintiff's claims except his claim for First Amendment retaliation against Defendant Alex Watanabe.  Dkt. 157.  The Plaintiff's retaliation claim arises from a kiosk message from Plaintiff to prison officials.  *Id.*  The message at issue provided, "It is crazy while yall [sic] got me sick, torture me in IMU, I grieve yall [sic], then yall [sic] want to write me up.  This is intimidation and Harassment. Let Watanabe know, I will see her in Court."  Dkt. 65 at 13.

As a result of the message, Defendant Watanabe, a prison grievance coordinator, filed a Washington Administrative Code ("WAC") 663 serious infraction notice against the Plaintiff.  *Id.* at 48.  After a hearing on the infraction, the Plaintiff was found not guilty.  This lawsuit followed.  *Id.* at 50-51.

After the Report and Recommendation was adopted and all claims but the retaliation claim were dismissed, the parties were ordered to inform the Court if they would like it to appoint a magistrate judge to conduct a settlement conference.  Dkt. 158.  The parties responded and do not agree.  *Id.*

**DISCUSSION**

**A. MOTION TO APPOINT COUNSEL**

    1. Standard

Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel.  Under Section 1915, the court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Court is not authorized to compel counsel to serve in a civil case; it may only "request" that counsel serve. 28 U.S.C. § 1915(e)(1); *U.S. v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986).  Further, no statute provides funds to pay counsel appointed under § 1915(e).  *Id.*  Accordingly, the court is limited to making a request for pro bono counsel to provide voluntary representation.

If the Court determines that extraordinary circumstances warrant appointment of counsel, it will direct the Clerk of the Court to identify an attorney from the District's Pro Bono Panel who is willing to represent the Plaintiff in accordance with this District's Pro Bono Plan. *See* General Order No. 16-20, Section 4(b) (Dec. 8, 2020).  Only after such an attorney is identified will the Court issue an order appointing him or her to represent the Plaintiff. *See Id*.

2. The Plaintiff's Motion for Appointment of Counsel

The motion to appoint counsel should be conditionally granted.  While the Court cannot definitively determine the Plaintiff's likelihood of success on the merits, his retaliation claim has survived summary judgment.  Additionally, the Plaintiff contends that he will have difficulty trying the case while in prison.  His case presents sufficient exceptional circumstances to warrant conditional appointment of counsel.

B. **MOTION TO APPOINT MAGISTRATE JUDGE FOR SETTLEMENT CONFERENCE**

ORDER ON MOTION TO APPOINT COUNSEL AND A MAGISTRATE JUDGE FOR A SETTLEMENT CONFERENCE - 3

The Plaintiff's motion for the appointment of a magistrate judge to conduct a settlement conference should be denied without prejudice. The Defendants have responded and indicate they do not believe that a settlement conference with a magistrate judge would be productive. Dkt. 160. The parties are free to notify the Court at a later date if they agree that such an appointment would be helpful.

**ORDER**

It is **ORDERED** that:

- Plaintiff's Motion for the Appointment of Counsel for Trial (Dkt. 159) **IS GRANTED CONDITIONALLY**, contingent on the identification of counsel willing to represent the Plaintiff pro bono in this case; and

- Plaintiff's Motion for the Appointment of a Magistrate Judge for Negotiation (Dkt. 159) **IS DENIED WITHOUT PREJUDICE.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 1st day of December, 2023.

ROBERT J. BRYAN
United States District Judge