UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOJO DEOGRACIAS EJONGA,<br><br>    Plaintiff,<br>    v.<br><br>ALEX WATANABE,<br><br>    Defendant. | CASE NO. 2:21-cv-01004-DGE<br><br>PRETRIAL CONFERENCE AGENDA |

**1. Trial Date and Duration**

    **a. Trial date:** December 2, 2024

        i. Jury selection via Zoom: December 2, 2024

        ii. Opening statement and presentation of evidence: December 3, 2024

    **b. Trial schedule:**

        i. Monday through Thursday

        ii. Hours: 9:00 a.m. to 4:30 p.m., with two 15-minute breaks at 10:30 a.m. and 2:45 p.m.

**c. Issues for trial:**

    i. Claims

        1. First Amendment Retaliation

    ii. Defenses

        1. Retaliation: Defendant did not retaliate

        2. Damages: Defendant argues certain compensatory and punitive damages are unavailable under the PLRA

        3. Qualified immunity*

*Defendant's trial brief acknowledges that qualified immunity was denied on summary judgment but lists qualified immunity as an affirmative defense to preserve for appeal.

    iii. Relief

        1. General damages, including compensatory damages according to proof; punitive damages according to proof; the costs of the suit; reasonable attorney fees and expenses of this litigation, including under 42 U.S.C § 1988.

**d. Estimated length of trial:** 4 days (not including jury selection)

**e. Timed trial:** total length of four days (not including jury selection).

**f. COVID-19 protocol:** Any juror is welcome to wear a mask if they desire.

**2. Motions in Limine**

    a. Submitted on October 28, 2024.  (Dkt. Nos. 170, 172.)

    b. The Court expects to rule on the motions at the pre-trial conference.

**3. Jury Selection**

    a. Selection by video (Zoom) (remainder of trial in-person)

    b. Panel of around 25 to be called

    c. 8 jurors, no alternates—unanimous

      d. Voir dire

          i. See **Appendix A** below for Court's general questions.

          ii. Time allowed for attorney questioning: 20 minutes. Parties can reserve time.

          iii. The court will not allow questions which:

              1. Have already been asked,

              2. Anticipate instructions on the law which have not yet been given,

              3. Ask a juror to speculate or comment on his/her verdict if certain facts are proved,

              4. Are in substance arguments of the case,

              5. Solicit a juror's opinion as to the law or legal terms,

              6. Are clearly irrelevant and/or seek to embarrass, or establish rapport with, a juror, or

              7. Are grossly unfair or embarrassing to the juror, and where the average juror cannot know the answer.

      e. Challenges for cause following voir dire and outside the presence of the jury

      f. Three (3) preemptory challenges for each side.

      g. Seating during voir dire – fully remote.

4. **Upcoming deadlines**

    a. **Submitting evidence**

        i. An exhibit list in Microsoft Word format must be emailed to Gretchen Craft, Courtroom Deputy, at gretchen_craft@wawd.uscourts.gov by **December 2, 2024**. (*Note: the exhibit list was received on November 18, 2024.*)

        ii. Each set of exhibits shall be submitted in a three-ring binder with appropriately numbered tabs, as well as on a thumb drive in PDF

format (scanned using Optical Character Recognition if possible and encoded as a searchable PDF). The original and two copies of the trial exhibits must be delivered to Ms. Craft no later than seven days prior to the trial date **December 2, 2024**. If JEEPS is being used, only one set of paper exhibits is required.

    iii. Witness lists indicating the order in which your witnesses will testify at trial must be provided to Ms. Craft in Word format no later than **December 2, 2024.**

b. **Jury Instructions**

    i. Per LCR 51, the parties submitted disputed and joint jury instructions for review by the Court on November 12, 2024. (Dkt. Nos. 195, 196.)

c. **Settlement**

    i. **Local Rule 39(d) states:** "Where cases set for trial by jury are settled or agreed to be tried without a jury, notice of such agreement shall be filed in the clerk's office as soon as possible but no later than five (5) days before the day on which the case is set; otherwise jury expenses incurred by the government, if any, shall be paid to the clerk by the parties agreeing to such settlement or waiver. And where a continuance of such a case shall be applied for by one side, and resisted by the other, and granted by the court, the payment of jury expenses incurred by the government, if any, by the party applying for the continuance shall in all cases be one of the conditions of the continuance unless such continuance be granted as a matter of right and was not due to any fault of the moving party."

    ii. **Deadline to notify court of settlement:** November 27, 2024

5. **Opening statements:**

    a. Length of opening statements:

        i. Plaintiffs: 30 minutes

        ii. Defendants: 30 minutes

    b. Procedure of openings (e.g., podium and use of exhibits during openings)

        i. If you are going to use exhibits or demonstratives in your opening, they need to be shown to the other side ahead of time and consented to; any disputes should be raised with the Court before opening statements.

      c.  Use of charts, diagrams, timelines, and/or exhibits to be used during opening statements:

      **d.  Juror notetaking:** jury to receive note pads after opening statements.

6. **Closing arguments**

      a.  Plaintiff's proposed estimate: 45 minutes to an hour

      b.  Defendant's proposed estimate:  45 minutes to an hour

7. **Questions from jurors during trial:** will not be permitted.

8. **Plaintiff's witnesses:**

      a.  Plaintiff Jojo Deogracias Ejonga (will testify)

      b.  Defendant Alexandra (Alex) Watanabe (will testify)

      c.  Jennifer Ross, PA-C (will testify)

      d.  Victoria Hathaway (possible witness only)

      e.  Carol Smith, Resolution Program Manager MCC-WSR Resolution Department (will testify)

      f.  Todd Olmstead-Frederickson, CCS3 DHO (possible witness only)

      g.  Records custodian for Washington DOC (possible witness only)

9. **Defendant's witnesses:**

      a.  Defendant Alex Watanabe (will testify)

      b.  Superintendent Jack Warner (will testify)

      c.  Jean O. Hardcastle, Agency Payroll Officer (possible witness only)

      d.  Plaintiff Jojo Ejonga (possible witness only)

      e.  Carol Smith, Resolution Program Manager (will testify)

   f. Victoria Hathaway (possible witness only)

**10. Notification of Witnesses:** The Court expects the parties will extend professional courtesy by providing one day advance notice before calling a witness.

**11. Special witness needs/issues** (e.g., witnesses that need special accommodation such as out-of-town witnesses, witnesses with disabilities, witnesses that need interpreters.)

  a. Per the previously issued writ (Dkt. No. 178), Plaintiff will participate in person on December 3 and 5 and participate via zoom the other days of trial. The parties should promptly notify the Court of any changes to this arrangement.

  b. The Court expects to discuss Plaintiff's motion regarding use of restraints (Dkt. No. 179) at the pretrial conference. The Court will request information from the Defendant regarding coordination for security services between Washington DOC and the U.S. Marshals Service, including how DOC plans to secure Plaintiff during trial.

**12. Trial procedures regarding evidence**

  a. Objections: Grounds only without explanation or outside presence of jury

  b. Procedures for demonstrative aids: Each party must notify the other of the demonstrative they intend to use by the start of the court day prior to the day the party will use the demonstrative.

  c. Witnesses: non-exempt excluded, experts allowed to be present.

  d. Deposition evidence: reserved for impeachment purposes.

  e. Sidebars: if counsel has an objection that needs to be taken up outside the presence of the jury, counsel should indicate to the Court that the objection might take some time. Counsel should be prepared for the Court to inquire as to whether the objection can be taken up at the next break.

**13. Issues that Arise During Trial, After Court Hours:** Should an issue arise during trial after court hours, counsel are instructed to meet and confer to see if the issue may be resolved without court intervention. If such meet and confer efforts are unsuccessful, counsel must notify the courtroom deputy of the issue by email at estudilloorders@wawd.uscourts.gov.

# APPENDIX A

**Proposed General Voir Dire Questions – (Note: the Court reserves the right to modify each question as necessary during voir dire.)**

1. This trial is expected to last for four days. We will start each day at 9:00 a.m. and finish no later than 4:30 p.m. each day. We will have a morning break of fifteen minutes, a lunch break of an hour and a half, and an afternoon break of fifteen minutes. At the end of the fourth day, there is no time limit on the amount of time that the jury may deliberate. Is there any prospective juror who cannot be here for the anticipated duration of the trial? (explain hardship)

2. Is there any health issue, physical problem, or persistent physical aggravation or other problem that would make it difficult for you to sit as a juror? (bad back, migraines, etc.)

3. [Read Neutral Statement of the Case] Have any of you heard or read anything about this case?

4. Is there anything about the nature of this case that would cause any prospective juror to start into the trial with any bias or prejudice, either one way or another?

5. Does anyone know the Plaintiffs or their attorneys or law firm, or know anyone who works for the Plaintiffs' law firm?

6. Does anyone know of the Defendant or its attorneys or law firm, or anyone who works for the Defendant or its law firm?

7. I will now ask counsel for the Plaintiff to list all of the witnesses that may be called to testify. Please raise your card if you believe that you know any of these witnesses. [Counsel reads names.]

8. I will now ask counsel for the Defendant to list any additional witnesses that may be called to testify. Please raise your card if you believe that you know any of these witnesses. [Defense counsel reads names.]

9. Do any of you know anyone who works in the legal system: judge, lawyer, clerk, probation officer, paralegal, etc?

10. Do you have any training or work experience in the field of law?

11. Have you served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court? Have you ever served as the foreperson?

12. Have you ever testified before in any court proceeding? (not a deposition.)

13. Does anyone know any of the other prospective jurors from any contact other than your meeting this morning?

14. Does any prospective juror believe that he or she has strong feelings, either positive or negative, regarding our system of compensating individuals with money damages for injuries?

15. Do any of you have any moral, religious, philosophical, or other beliefs that would prevent you from fulfilling your duties and responsibilities as a juror?

16. As a juror in this case, your obligation would be to listen to the evidence and from that determine the facts according to the law as given to you by the court. You must follow the court's instructions on the law even if you disagree with them. Is there any juror who can think of any reason why you would be unable or unwilling to follow the court's instructions of law?

17. If you were the plaintiff/defendant in this case, is there anyone who would not want a juror with your present state of mind sitting on the jury?

18. Is there anyone who can think of any reason that would prevent you from being able to render a fair and impartial verdict in this case?

[Note: the Court reserves the right to modify or eliminate any of the parties' proposed questions, upon further review, if any appear to be duplicative or unnecessary.]

**Plaintiffs' proposed voir dire questions (not including the Court's standard questions above)**

1. If you raised your hand [to indicate knowledge of a witness], would your knowledge of this person impair your ability to hear the evidence from that person fairly and impartially or would you be inclined to give that witness more or less credibility based on that knowledge?

2. Have you, or has anyone close to you, been employed by the State of Washington or any county, municipality, or other governmental entity?

3. Have you, or has anyone close to you, ever been employed at a jail or prison?

4. Have you, or has anyone close to you, ever worked in law enforcement?

5. Have you, or has anyone close to you, ever been a victim of a crime? If yes, who was the victim, what was the crime, when did the incident occur, who was the perpetrator, was the perpetrator prosecuted, and, if so, was the perpetrator convicted?

PRETRIAL CONFERENCE AGENDA - 8

6. Have you, or has anyone close to you, ever been a party to a lawsuit?

7. Have you, or has anyone close to you, served as a juror in either a civil or criminal trial before? If so, was it civil or criminal? What issue did the case concern? Did you serve as the foreperson? Did you reach a verdict? What was that verdict?

8. This case concerns an incarcerated person who is a citizen of another country. Do any of you have concerns about your ability to be fair in this case given those facts?

9. This case concerns an allegation by an incarcerated person that a prison official retaliated against him for exercising his First Amendment rights. Do any of you have a concern affording an incarcerated person the same protections under the First Amendment that is provided to everyone in the United States?

10. Do you have any concerns about the fact that an incarcerated person from another country has the same First Amendment rights in this case as an American citizen?

11. Are any of you concerned about, should the evidence support it, awarding monetary damages to a citizen of another country who is incarcerated?

12. If you are selected to sit on this case, is there anyone here who doubts that they will be able to impartially render a verdict based solely on the evidence presented during the trial and in the context of the law as I will give it to you in the instructions, disregarding any other ideas, notions or beliefs you may have about the law?

**Defendant's proposed voir dire questions (not included in the Court's standard questions above)**

1. Has anyone spent time in jail or prison?

2. Does anyone oppose the incarceration of convicted criminals?

3. Have you ever visited a jail or prison?

4. Do you know someone who has been in prison or who is currently in prison?

5. Has anyone here been a party to a lawsuit?

6. Is anyone a member of any organization that advocates for inmates?

PRETRIAL CONFERENCE AGENDA - 9